[Civil No. 383. Filed January 26, 1894.]

[36 Pac. 212, *sub nom.* Glencross v. Evans.]

## JOHN M. EVANS, Defendant and Appellant, v. FRANK GLENCROSS et al., Plaintiffs and Appellees.

1. CONTRACT—PLEADING—FAILURE TO PERFORM CONDITIONS—MUST BE RAISED BY ANSWER—ADMISSION BY FAILURE TO PLEAD.—In an action upon a contract, the complaint alleging performance of all its conditions, and the answer being a special denial, to avail himself of a breach of a certain condition, the defendant should have denied in his answer that the same had been fulfilled, or specially pleaded the same as matter of defense; otherwise, the allegation of the complaint, not being controverted, will be taken as admitted.

2. SAME — CONDITIONS — PERFORMANCE — WAIVER — FACT FOR JURY.— Whether a contract has been performed or its performance waived, is usually a question of fact for the jury.

3. APPEAL AND ERROR—RECORD—BILL OF EXCEPTIONS—MUST CONTAIN ALL EVIDENCE OR PROOF PRESUMED.—Where the bill of exceptions does not purport to give all the evidence, proof sufficient to support the judgment will be presumed to have been supplied.

4. SAME—QUESTION FIRST RAISED ON APPEAL.—A question not specially pleaded in the court below, nor raised in either the motion for a new trial or in arrest of judgment, cannot now be raised for the first time in this court.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. A. C. Baker, Judge. Affirmed.

The facts are stated in the opinion.

Alexander & Stilwell, and Kibbey & Israel, for Appellant.

The contract in this case provided that final payment was not to be made until all bills for labor and material were

paid and furnished receipted to the owner, and the house delivered free and clear from all claims, liens, etc., of every description, immediately after the completion of the work. This condition has never been complied with.

The plaintiffs had no cause of action against the defendant until they had complied with this condition. *People* v. *Glenn,* 70 Ill. 232; 1 Chitty on Pleading, pp. 321-323; *Moore* v. *Campbell,* 111 Ind. 343, 12 N. E. 495; *Dey* v. *Dox,* 9 Wend. 129, 24 Am. Dec. 137.; *Sargent* v. *Adams,* 3 Gray, 72, 63 Am. Dec. 718; *Richardson* v. *Maine Ins. Co.,* 46 Me. 394, 74 Am. Dec. 459; *Cunningham* v. *Morrell,* 10 Johns. 202; *Butler* v. *Tucker,* 24 Wend. 447.

"Where the time for the payment of money is to happen after the performance of that which is the consideration, no action accrues for the money until the consideration is performed." *Crane* v. *Knubell,* 43 How. Pr. 389; *Barton* v. *Herman,* 11 Abb. Pr. N. S. 378; *Grant* v. *Johnson,* 5 N. Y. 274; *Smith* v. *Brady,* 17 N. Y. 175.; *Erickson* v. *Brandt,* 53 Minn. 10, 55 N. W. 62.

C. F. Ainsworth, for Appellees.

It will be seen from the motion for a new trial and the causes there set out that the appellant did not rely in the court below upon the necessity of proving this particular allegation as a ground for setting aside the verdict. It is not mentioned in their motion for arrest of judgment, nor claimed that it was necessary under the pleadings for the plaintiffs to prove this particular allegation, nor that there was not sufficient evidence to sustain it, if it had been denied by the answer, and it is too late now to raise a question in this court for the first time, it being admitted by the answer of the appellant in the court below. *Tiernan* v. *His Creditors,* 62 Cal. 286; *Estate of McCarty,* 58 Cal. 335; *Wardle* v. *Cummings,* 86 Mich. 395, 49 N. W. 538; *Watkin* v. *Clifton H. L. and Co.,* 91 Tenn. 683, 20 S. W. 246; *Stepp* v. *National Life etc. Assn.,* 37 S. C. 417, 16 S. E. 134; *Waterhouse* v. *Black,* 87 Iowa, 317, 54 N. W. 342.

The bill of exceptions does not contain all of the evidence given on the trial of this cause. It merely purports to take out of the testimony offered on the trial certain disconnected statements of three witnesses for the purpose of attempting

to show that no receipted bill was furnished by plaintiffs to defendant Evans, and that therefore, as claimed by appellant, this action could not be maintained.

There was no issue for the court to try on this particular question, for the reason that the performance of this condition was admitted by appellant's answer, whatever this evidence, disconnected as it is from the other testimony in the case, may tend to show. The testimony upon which this judgment was rendered is not all before the court, and this court is bound to presume that the testimony as offered in the court below, if all presented in the bill of exceptions, would clearly establish the plaintiffs' right to recover, and this the court will presume, although the testimony set out by the appellant in the bill of exceptions tends to disprove the plaintiffs' right to recover. The presumption of law is, that other testimony was given on the trial which destroyed the force and effect of that preserved. *Edwards* v. *Smith*, 48 Wis. 254, 3 N. W. 758; *McCormick* v. *Ketchum*, 48 Wis. 643, 4 N. W. 798; *Jones* v. *Foster*, 67 Wis. 296, 30 N. W. 697; *Ford* v. *Holton*, 5 Cal. 320; *Todd* v. *Winants*, 36 Cal. 130; *Paine* v. *Smith*, 32 Wis. 339; *Woodlock* v. *Combs*, 49 Wis. 659, 6 N. W. 362; *McNelly* v. *Holliday*, 105 Ind. 324, 4 N. E. 894; *Crystal* v. *City of Des Moines*, 65 Iowa, 502, 22 N. W. 646; *Collins* v. *Collins*, 100 Ind. 266; *Evansville etc. Co.* v. *Kendall*, 4 Ind. App. 460, 30 N. E. 1110; *City* v. *Babcock*, 3 Wall. 240; *Hoagland* v. *Cole*, 18 Colo. 426, 33 Pac. 151.

HAWKINS, J.—This was an action commenced in the lower court to recover of the appellant the sum of $837. The complaint set out two causes of action: First, for $444, balance alleged to be due on a building contract set out in the complaint; second, for $393, for extra materials and labor alleged to have been furnished by appellees to appellant, and for which it is alleged appellant agreed to pay appellees reasonable prices, and that a reasonable price for the same was $393. An itemized account for such materials is set out in detail in the complaint. The appellees, in their cause of action on the building contract, allege a compliance with all the conditions and terms of said contract, so far as the same was not afterwards modified. A copy of the contract is attached to the complaint, and one of the specifications therein is: "And

it is further agreed by said Frank Glencross, William Brotherton, and H. W. Ryder, the parties of the second part, that they will pay all bills for labor and materials, and deliver the building clear and free from all claims, liens, etc., of every description, immediately after the completion of the work, and furnish all bills receipted before the last payment will be made; and the parties of the second part further agree to guaranty the full payment of claims that may be presented and approved within six months after the building may be completed.'' Appellant seems to rely upon the following of said conditions: ''And furnish all bills receipted before the last payment may be made.'' The answer is a special denial, admitting and denying certain allegations of the complaint, and there is no special denial as to the performance of this particular condition. The jury rendered a verdict for $685 for appellees, and judgment was rendered thereon against appellant. Appellant moved for a new trial, and set out the following grounds: First, the verdict is contrary to, and not sustained by, the evidence; second, that the verdict is contrary to, and not supported by, the law; third, that the verdict is contrary to the law and evidence; fourth, for errors of law committed by the court on the trial of said cause, in admitting and rejecting evidence offered, and errors in giving and refusing instructions offered and requested to be given to the jury.

A motion in arrest was made: ''That the pleadings and proof in the case, as now appears of record, show that the plaintiffs had no cause of action against defendant at the time of bringing suit, at the trial, or rendition of verdict, or at the date of filing his motion.'' This motion was overruled.

The allegation of the complaint, not being controverted by appellant, was taken as admitted; and the testimony of Glencross on cross-examination was irrelevant and immaterial and improper cross-examination, and no doubt would have been stricken out if objection had been made thereto. If appellant had intended to rely upon this condition of the contract, he should have denied in his answer that the same had been fulfilled, or specially pleaded the same as a matter of defense. The action appears to have been tried in line of the theory set up in the complaint and answer. Appellant pleaded that the work in the building was not done in a workmanlike man-

ner and within the time specified in the contract, and set up various claims for damages, for overtime, the unskillful manner of work done on roof, also overcharge for extra work; and the verdict of the jury shows he was allowed $150 therefor. Whether the contract has been performed, or its performance waived, is usually a question of fact, for the jury. Thompson on Trials, par. 1141. Under the instructions given, it seems to have been fairly submitted to the jury, and was settled by the jury.

The question upon which appellant relies now does not seem to have been raised in the motion for a new trial, or the motion in arrest of judgment; and if it were material under the pleadings, the bill of exceptions does not purport to give all the evidence, and we cannot say that Brotherton or Ryder did not furnish the bills receipted, notwithstanding the statement of Glencross,—that is to say, the proof will be presumed to have been supplied, unless the error is affirmatively shown *Ford* v. *Holton*, 5 Cal. 320; *Todd* v. *Winants*, 36 Cal. 129. The question upon which appellant now relies not having been specially pleaded in the court below, nor raised in either of his motions, he cannot now raise the same for the first time in this court. *Estate of McCarty*, 58 Cal. 335.

The record further shows that appellant was notified of the completion of the house, and that it would be delivered to him upon his paying for same; that he took possession by means of pass-keys, without taking the trouble to get the keys from the contractors, or paying for it; and he submitted his controversy fairly to a jury. So we are unable to see wherein he has any just cause of complaint at the verdict. Judgment affirmed.

Sloan, J., and Rouse, J., concur.