[Civil No. 974.   Filed March 22, 1907.]

[89 Pac. 501.]

ALLAN R. ENGLISH et ux., Defendants and Appellants, v. THE TERRITORY OF ARIZONA, at the Relation and to the Use of JOHN W. BOGAN, Treasurer and Ex Officio Tax Collector in and for the County of Pima, Territory of Arizona, Plaintiff and Appellee.

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENTS—DELINQUENT—ENFORCEMENT—PARTIES—REV. STATS. ARIZ. 1901, TIT. 11, CHAP. 2, PARS. 483, 484, 488, LAWS 1903, P. 148, No. 92, SECS. 84 AND 96, CONSTRUED.—Paragraph 483, *supra*, being section 19 of chapter 2, title 11, *supra*, provides that when the city collector shall be unable, before the twenty-first day of December of the year in which a special assessment is made, to collect any such special assessment, he shall deliver the delinquent list to the tax collector of the county, who shall incorporate said list with the county delinquent list. Paragraph 484, *supra*, provides that the tax collector of the county shall sell delinquent city property for city delinquent special assessments at the same time and in the same manner as real property is required to be sold by law for county and territorial delinquent taxes. Paragraph 488, *supra*, provides that the general revenue laws in reference to proceedings in the collection of delinquent taxes, except as theretofore otherwise provided, shall be applicable to proceedings to collect such special assessment. Act No. 92 of the Laws of 1903, *supra*, repeats the general revenue law in relation to proceedings for the collection of delinquent taxes on real property, depriving the tax collector of his power to sell real property for delinquent taxes, and providing for suits to be instituted against delinquent taxpayers by the tax collector in the name of, and for the use of, the territory. Said act also provides that clerks of county boards of supervisors shall make in the "back tax book" a list of all land and town lots on which back taxes shall be due in such county, city or town, and that all back taxes of whatever kind appearing due upon delinquent real estate shall be extended upon the "back tax book" made under this chapter, and collected by the tax collector under authority of this chapter. *Held*, construing these sections together, that a suit to collect a delinquent special assessment for a municipal improvement was properly brought in the name of the territory at the relation of the treasurer and tax collector of the county.

2. SAME—SAME—SAME—REVIEWED—REV. STATS. ARIZ. 1901, PARS. 478, 479, 483, CONSTRUED.—Paragraph 478, *supra*, provides if the owner of any parcel of land assessed for improvement by special tax feel aggrieved, he may, within twenty days after its determination, ap-

peal to the district court. Paragraph 479, *supra*, provides the appeal given by the last section shall be the only remedy of any owner of property for the redress of any grievance he may have by reason of making of such improvements. Paragraph 483, *supra*, provides in any action before any court wherein the question of the validity of an assessment is at issue, no defense or objection may be heard which might have been interposed in the proceedings for the making of such assessment or the application for the confirmation thereof. *Held*, that where an owner fails to appeal from the action of the city council in levying an assessment, he cannot complain that it divided the cost of the improvement by arbitrary front-foot rule and not on the basis of benefits, nor that it took into consideration the value of a strip of land lying between his land and the street improvement, where he received notice of the hearing by the assessment committee and was present thereat, and had notice of the time when the common council would act on the report of the committee.

3. PLEADINGS—ANSWER—ADMISSION.—The complaint states that the property of the defendant .was contiguous to the improvement made, and the answer does not contain a denial of such statement; the allegation may be taken as true.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima. John H. Campbell, Judge. Affirmed.

The facts are stated in the opinion.

James Reilley, W. P. Miller, and A. C. Baker, for Appellants.

The defendants and appellants should have been suffered to show that no such notice of such meeting (of the mayor and common council of the city of Tucson, held on December 30, 1903) was given; it was error, and sustains an objection to the action. *Paulsen* v. *City of Portland*, 149 U. S. 30, 13 Sup. Ct. 750, 37 L. Ed. 637; *Brock* v. *Luning*, 89 Cal. 316, 26 Pac. 972; *Manning* v. *Den*, 90 Cal. 610, 27 Pac. 435. "Local assessments or taxes on particular estates are only permissible and legal when founded on special and particular benefits to the property, and then only to an amount not exceeding such benefits." 1 Abbott on Municipal Corporations, par. 347; 2 Cooley on Taxation, p. 1153; *Norwood* v. *Baker*, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443. When a municipal corporation seeks to impose on citizens the burden of making public improvements and to hold the property of

the individual liable therefor, the statute authorizing such
improvements at the expense of the citizens must be strictly
pursued.  Cooley on Taxation, pp. 1157, 1158, 1243, 1244;
2 Desty on Taxation, p. 1241; *Merritt* v. *Village of Port-
chester,* 71 N. Y. 309, 27 Am. Rep. 47; *Mason* v. *City of Sioux
Falls,* 2 S. D. 640, 39 Am. St. Rep. 802, 51 N. W. 770;
*Hutcheson* v. *Storrie,* 92 Tex. 685, 71 Am. St. Rep. 884, 51 S.
W. 848, 45 L. R. A. 289.  Where the method of proportion-
ing local assessment is fixed by statutory provision or local
ordinance, an assessment according to some other rule or
method will be fatally defective.  The method to be pursued
is one of legislative expediency.  *Shoemaker* v. *United States,*
147 U. S. 282, 13 Sup. Ct. 361, 27 L. Ed. 170; *Cass Farm Co.*
v. *City of Detroit,* 181 U. S. 396, 21 Sup. Ct. 644, 645, 45
L. Ed. 914; 1 Abbott on Municipal Corporations, par. 344;
*Ware et al.* v. *City of Jerseyville,* 158 Ill. 234, 41 N. E. 736;
*Gleason* v. *Barnett,* 106 Ky. 125, 50 S. W. 67.  "An assess-
ment purporting to be made according to the benefits will
not be sustained, although the board making it says they
viewed the premises and exercised their judgment with the
facts, and circumstances show quite conclusively that they
could not have exercised their judgment in arriving at the
result."  *Kersten* v. *City of Milwaukee,* 106 Wis. 200, 81 N.
W. 948, 1103, 48 L. R. A. 851.  Departure by the local
authorities in levying a special assessment from the method
provided for by the statute and charter of the city is fatal
to the assessment.  *Hayes* v. *Douglas County,* 92 Wis. 429, 53
Am. St. Rep. 926, 65 N. W. 482, 31 L. R. A. 213.  Where
property owners have no notice of a meeting of which no
notice in fact was given, they cannot be held to be estopped
from asking such confirmation by reason of not having taken
an appeal in the time provided for in the statute.  *Paulsen*
v. *Portland,* 149 U. S. 30, 13 Sup. Ct. 750, 37 L. Ed. 637;
*Davidson* v. *New Orleans,* 96 U. S. 97, 24 L. Ed. 616; *Stuart*
v. *Palmer,* 74 N. Y. 183; *Hutcheson* v. *Storrie,* 92 Tex. 685,
71 Am. St. Rep. 884, 51 S. W. 848, 45 L. R. A. 289.  Where
the proceedings are illegal and void, no such estoppel can
arise.  1 Abbott on Municipal Corporations, par. 388; *Mulli-
gan* v. *Smith,* 59 Cal. 206; 25 Am. & Eng. Ency. of Law, pp.
1205, 1206.  Where it appears that property owners signed a
petition for condemnation, they are not estopped from ques-
tioning the legality of the assessment.  *Wakeley* v. *City of
Omaha,* 58 Neb. 245, 78 N. W. 511; *McLauren* v. *City of*

*Grand Forks*, 6 Dak. 397, 43 N. W. 710; *Strout* v. *Portland*, 26 Or. 294, 38 Pac. 126; *Howell* v. *Tacoma*, 3 Wash. 711, 28 Am. St. Rep. 83, 29 Pac. 447. The legislature of Arizona did not have the power to authorize the tax collector of Pima county to use the name of the territory to sue a party for an alleged special assessment due by that party to the city of Tucson. *People* v. *Albany & S. R. Co.*, 57 N. Y. 161; Sutherland on Statutory Construction, sec. 321; *United States* v. *Sadie*, 41 Fed. 398.

S. L. Kingan, John B. Wright, and Wm. M. Lovell, for Appellee.

Notice is given to the taxpayer to appear before the assessment committee at a fixed time and place. One such notice is sufficient. It brings the party into the proceeding. *Spencer* v. *Merchant*, 125 U. S. 355, 356, 8 Sup. Ct. 921, 31 L. Ed. 763. Provision is made by law for the correction of errors and irregularities of assessors in the assessment on property for the purpose of taxation. If not corrected by some of the methods pointed out by the statutes, they are conclusive, whatever errors may have been committed in the assessment. *Stanley* v. *Supervisors*, 121 U. S. 550, 7 Sup. Ct. 1234, 30 L. Ed. 1000. Where the statute provides a special remedy, it excludes every other. *Dollar Savings Bank* v. *United States*, 19 Wall. 227, 22 L. Ed. 80. If a body to whom jurisdiction is given misuse the power or exercise it wrongfully, this does not oust the body of jurisdiction. *Stanley* v. *Supervisors*, 121 U. S. 550, 7 Sup. Ct. 1234, 30 L. Ed. 1000. "The presumption is in favor of the validity of a special tax, and the burden is on the owner to show the contrary." *Auditor* v. *Maier*, 95 Mich. 127, 54 N. W. 640; *In re Hebrew Asylum*, 70 N. Y. 476. "Assessments for public improvements are presumed to be regular, and there must be some substantial reason for holding them invalid." 2 Smith on Modern Law of Municipal Corporations, par. 1264, b. "Where a party has appeared and been heard in a proceeding, there is no color for his contention that he has been deprived of his property without due process of law." *Lynde* v. *Lynde*, 181 U. S. 186, 21 Sup. Ct. 555, 45 L. Ed. 810; 9 Fed. Stats. Annot. (Constitution), pp. 525, 526; *Hodge* v. *Muscatine County*, 196 U. S. 281, 25 Sup. Ct. 237, 49 L. Ed. 477; *Pittsburg* v. *Board of Public Works*, 172 U. S. 45, 19 Sup. Ct. 90, 43 L.

Ed. 354; *Winona* v. *Minnesota,* 159 U. S. 537, 16 Sup. Ct. 83, 40 L. Ed. 247; *Paulsen* v. *Portland,* 149 U. S. 41, 13 Sup. Ct. 750, 37 L. Ed. 637, citing *McMillan* v. *Anderson,* 95 U. S. 37, 24 L. Ed. 335; *Hagar* v. *Reclamation District,* 111 U. S. 701, 4 Sup. Ct. 663, 28 L. Ed. 569; *Spencer* v. *Merchant,* 125 U. S. 345, 8 Sup. Ct. Rep. 921, 31 L. Ed. 763. Even where the time allowed by the statute in which to make an appeal is manifestly insufficient, the courts will not inquire into the wisdom of the legislature in establishing the period of legal bar. Cooley's Constitutional Limitations, 7th ed., p. 524. "Where the law requires a written record of an official act, the writing is the best evidence of that act." *Pease* v. *Smith,* 24 Pick. 122; *Farnsworth Co.* v. *Rand,* 65 Me. 19; *State* v. *Green,* 15 N. J. L. 88; *Whiting* v. *Ellsworth,* 85 Me. 301, 27 Atl. 177. Where a property owner fails to repudiate the action of the assessing body in levying assessment for special improvements, he is bound by the assessment, even though an error has been made by the board on levying the assessment. *Thompson* v. *People,* 184 Ill. 17, 56 N. E. 383; *Alley* v. *City of Lebanon,* 146 Ind. 125, 44 N. E. 1003; *Clinton* v. *City of Portland,* 26 Or. 419, 38 Pac. 407; *McSherry* v. *Wood,* 102 Cal. 651, 36 Pac. 1010, citing *Dorland* v. *McGlynn,* 47 Cal. 47; *Hemmelmann* v. *Hoadley,* 44 Cal. 276; *City of New Whatcom* v. *Bellingham Bay,* 18 Wash. 181, 51 Pac. 360.

In effect, the action of the city council in confirming the assessment amounts to a judgment that the tax is a valid tax. *McNamee* v. *City of Tacoma,* 24 Wash. 591, 64 Pac. 791; *Annie Wright Seminary* v. *City of Tacoma,* 23 Wash. 109, 62 Pac. 444.

"A failure to appear before the assessors on grievance day operated as a waiver of all but jurisdictional defects." *In re Winegard,* 78 Hun, 58, 28 N. Y. Supp. 1039. "The question of special benefit and the property to which it extends is of necessity a question of fact." *Spencer* v. *Merchant,* 125 U. S. 353, 8 Sup. Ct. 921, 31 L. Ed. 763; *New Whatcom* v. *Bellingham Bay,* 16 Wash. 135, 47 Pac. 236; *People* v. *Common Council,* 114 App. Div. 326, 99 N. Y. Supp. 660, 661.

Objections must be made before the assessing body or they cannot be raised. *Higman* v. *Sioux City,* 129 Iowa, 291, 105 N. W. 524.

"Where a party accepts a benefit under an assessment, he will be estopped from denying its validity." Welty on Assessments, sec. 318; *Fitzhugh* v. *City of Bay City*, 109 Mich. 581, 67 N. W. 904; *Richcreek* v. *Moorman*, 14 Ind. App. 370, 42 N. E. 943; *People* v. *Many*, 89 Hun, 138, 35 N. Y. Supp. 78; *Wingate* v. *City of Tacoma*, 13 Wash. 603, 43 Pac. 874; *Wilson* v. *City of Salem*, 24 Or. 511, 34 Pac. 9, 691; citing 2 Hermann on Estoppel, sec. 1221; Elliott on Roads and Streets, 420; *Kellogg* v. *Ely*, 15 Ohio St. 64; *People* v. *Common Council etc. of Utica*, 65 Barb. 9; *Darst* v. *Griffin*, 31 Neb. 668, 48 N. W. 819; *Loder* v. *McGovern*, 48 N. J. Eq. 275, 27 Am. St. Rep. 446, 22 Atl. 199; *Taber* v. *Ferguson*, 109 Ind. 227, 9 N. E. 723; *Presinger* v. *Harness*, 114 Ind. 491, 16 N. E. 495.

SLOAN, J.—This is a suit brought in the court below by the treasurer and *ex officio* tax collector of Pima county, in the name of the territory, against Allan R. English and his wife, to collect a delinquent special assessment levied by the city of Tucson against the property of the defendants to the suit. The assessment was levied under the provisions of chapter 2 of title 11 of the Revised Statutes of 1901 to pay, in part, for the improvement of Congress street in said city. The improvement consisted of the widening of said street by the condemnation of block No. 206, commonly known as "the Wedge." The amount assessed against the property of the defendants to the action was the sum of $12,533.75. The prayer of the complaint was for this amount, with interest and costs. Judgment was entered for plaintiff in the action, and from this judgment the defendants have appealed.

The first question presented for our consideration by the appellants is as to the rights of the territory, at the relation of the treasurer and *ex officio* tax collector of Pima county, to bring this suit. The assessment was levied in December, 1903. Warrant for the collection of this assessment was issued by the mayor and recorder of the city to the city assessor and tax collector on the fifteenth day of February, 1904. The assessment became delinquent on December 21, 1904. Thereafter the city tax collector made a report of all the delinquent special assessments to the treasurer and *ex officio* tax collector of Pima county, who thereupon incorporated said list, including the special assessment levied against the property of appellants, with the county delinquent list.

The said special assessment was thereafter and for the year 1904 entered upon the back tax book of said county. The said tax collector thereupon brought this suit.

It is contended by counsel for appellants that Act No. 92, page 148, of the Laws of 1903, providing for suits to be instituted to recover delinquent taxes by the tax collectors of the several counties in the name of the territory, has no application to delinquent special assessments levied by cities under the provisions of said chapter 2, title 11, Revised Statutes. Paragraph 483 of the Revised Statutes of 1901, being section 19 of said chapter 2, title 11, provides that when the city collector shall be unable, before the twenty first day of December of the year in which any special assessment is made, to collect any such special assessment, he shall deliver the delinquent list of all the lands, town lots and real property upon which he shall have been unable to collect such special assessments, with the amount of the same due and unpaid, to the tax collector of the county, who shall incorporate said list with the county delinquent list. The next section provides that the tax collector of the county shall sell delinquent city property for city delinquent special assessments at the same time and in the same manner as real property is required to be sold by law for county and territorial delinquent taxes. These sections, considered alone, might well be construed as excluding any other method of collecting delinquent special assessments than as therein provided, which was the method provided by the general revenue laws of the territory for the collection of delinquent taxes on real property in force at the time chapter 2, title 2, took effect. We think, however, that paragraph 488 should be construed with paragraph 484 in this connection. Paragraph 488 reads: "The general revenue laws of this territory in reference to proceedings for the collection of delinquent taxes on real property, the sale thereof, the executions of certificates of sale and deeds thereon, the force and effect of such deeds and sales, and all other laws in relation to the enforcement and collection of delinquent taxes and redemption of tax sales, except as herein otherwise provided, shall be applicable to proceedings to collect such special assessments." Act No. 92, page 148, of the Laws of 1903, repealed the general revenue law of the territory in reference to proceedings for the collection of delinquent taxes on real property. By this act the tax collector was deprived of his power to sell real

property for delinquent taxes levied thereon. In lieu of such sale the statute provided for suits to be instituted against the several delinquent taxpayers by the tax collector in the name of and for the use of the territory. Unless, therefore, the act of 1903 applies to delinquent special assessments, there would be no method provided by the existing statutes for the sale of delinquent city property for delinquent special assessments. A reading of section 84 (page 150) of the act will make it clear that the intent of the legislature was to make the method of collecting delinquent taxes provided for in the act applicable to all delinquent taxes which may appear on the tax-roll. Said section reads: "Within sixty days after the taking effect of this chapter, and every year thereafter, within thirty days after the settlement of the tax collector, the several clerks of the county boards of supervisors in each county in this territory, shall make in a book to be called the 'back tax book' a correct list in numerical order of all tracts of land and town lots on which back taxes shall be due in such county, city or town, setting forth opposite each tract of land or town lot the name of the owner," etc. Again, section 96 (page 156) of said act reads: "All back taxes, of whatever kind, appearing due upon delinquent real estate shall be extended in the 'back tax book' made under the chapter, and collected by the tax collector under authority of this chapter." We conclude, therefore, that this suit has properly been brought in the name of the territory, at and by the relation and to the use of the treasurer and tax collector of the county.

It is further claimed by the appellants that the assessment made by the city against their property was erroneous, for two reasons: First, that the committee appointed under the provisions of paragraph 472, being section 8 of chapter 2, title 2, to estimate what proportion of the cost of the improvement made should be taxed against the property of appellants, erred in the respect that it divided the cost of the improvement by the arbitrary front-foot rule, and assessed the property of appellants upon that basis, and not upon the basis of benefits derived from such improvement. Second, it improperly assessed the property of appellants, in that the committee took into consideration the value to appellants of a certain narrow strip of land, lying between the lot of appellants and Congress street, left open and unoccupied in the widening and improvement of said street. Even should

the record sustain counsel for appellants in their contention
that the committee, in the respects named, improperly as-
sessed the property of appellants, it does not follow that the
latter may successfully defend this suit upon these grounds.
The general rule applicable to all assessments is stated in
*Stanley* v. *Supervisors*, 121 U. S. 550, 7 Sup. Ct. 1239, 30 L.
Ed. 1000, as follows: "In nearly all the states, probably in
all of them, provision is made by law for the correction of er-
rors in irregularities of assessors in the assessment of prop-
erty for the purposes of taxation. This is generally through
boards of revision or equalization, as they are often termed,
with sometimes a right of appeal from their decision to the
courts of law. . . . To these boards of revision, by whatever
name they may be called, the citizen must apply for relief
against excessive and irregular taxation, where the assessing
officers had jurisdiction to assess the property. Their action
is judicial in its character. They pass judgment on the value
of the property upon personal examination and evidence re-
specting it. Their action being judicial, their judgments in
cases within their jurisdiction are not open to collateral at-
tack. If not corrected by some of the modes pointed out by
statute, they are conclusive, whatever errors may have been
committed in the assessment." Paragraph 478, Revised
Statutes of 1901, provides that: "If the owner of any par-
cel of land assessed for such improvement by special tax feels
himself aggrieved by reason of the determination made by
the common council, he may within twenty (20) days after
the date of such determination, appeal therefrom to the dis-
trict court." Paragraph 479 provides that: "The appeal
given by the last section shall be the only remedy of the
owner of any parcel of land, or of any person interested there-
in, affected by said improvement, for the redress of any
grievance he may have by reason of the making of such im-
provement." We construe the latter paragraph to mean that
the remedy by appeal excludes all other remedies where the
grievance complained of is one that the common council has
power to remedy. The common council would not have the
power to remedy any grievance arising from some jurisdic-
tional defect in the proceedings which would render subse-
quent proceedings void. There could be no doubt but that,
under the statute, if the committee had erroneously assessed
the property of appellants by applying an arbitrary front-
foot rule, or by improperly including a possible use by ap-

pellants of a vacant, piece of ground belonging to the city as among the benefits accruing to the property of appellants by reason of the improvement made, such errors were within the power of the common council to correct so as to give validity to subsequent proceedings. It is quite clear, therefore, that under the statutes above quoted, the only remedy available to the appellants for the correction of any irregularity in the assessment in any of the respects complained of was an appeal to the district court within twenty days after the committee had reported its action to the common council and the latter had made its determination by affirming the report.

Counsel for appellants seek to avoid the effect of the statute with the suggestion that appellants had no notice, actual or constructive, of the time when the common council would act upon the report of the committee, and had no notice, actual or constructive, of the actual determination of this matter by the common council until after the statutory time for taking the appeal had elapsed, and that, therefore, appellants had no opportunity to avail themselves of the remedy by appeal. The statute does not provide for notice to the property owners affected of the time when the common council shall act upon the report of the committee, and the record does not show that any such notice was given. The statute does provide for notice to be given such property owners of the time and place of the hearing by the assessment committee. It is shown by the record and found by the court that the appellants did receive such notice and were represented before the committee at the time the assessment was levied. Following the analogy of court proceedings the appellants had their "day in court," and, being in court, were chargeable with notice of all proceedings thereafter taken in accordance with the statute. It was their duty, in case they desired to appeal from the action of the common council, to follow up the proceedings and ascertain what was being done. It is not pleaded, nor was it attempted to be shown by appellants, that fraud was practiced upon them which prevented their ascertaining the time when the confirmation was to be made and from taking their appeal within the statutory time thereafter. We think the appellants, by failing to appeal, have lost their remedy for correcting any error which may have been made by the assessment committee in assessing the special tax against their property.

Another reason which may be urged against the right of appellants to raise these objections in this connection arises under a provision in paragraph 483, Revised Statutes of 1901. This provision is as follows: "And in any action before any court, wherein the question of the validity of such assessment is an issue, no defense or objection shall be made or heard, which might have been interposed in the proceedings for the making of such assessment or the application for the confirmation thereof." As we have stated, the record discloses that the appellants had notice of the proceedings for the making of the assessment and were actually represented at the time of the assessment before the assessment committee. It does not appear that they made any objection to the assessment, either to the committee or to the common council. They are, therefore, under the statute, concluded from raising the objections specified in this proceeding as a defense to the action.

The objection raised to the proceedings by appellants, that the property was not subject to the special assessment for the reason that it was not contiguous to the improvement made, cannot avail them, inasmuch as the complaint states that their property was so contiguous, which allegation is not controverted by the answer, and must therefore be taken to be true. *Evans* v. *Glencross,* 4 Ariz. 222, 36 Pac. 212.

We find no reversible error in the record, and judgment is therefore affirmed.

KENT, C. J., and DOAN and NAVE, JJ., concur.