[Civil No. 3471.   Filed October 22, 1934.]

[36 Pac. (2d) 797.]

R. O. RAYMOND and MARIANA HERMAN, Appellants, v. N. P. AGREN, Appellee.

Mr. Chas. C. Jones, for Appellants.

Messrs. Wilson, Wood & Compton, for Appellee.

LOCKWOOD, J. — This is an action by N. P. Agren, hereinafter called plaintiff, against Mariana Herman, hereinafter called defendant, and R. O. Raymond, on an alleged building contract between plaintiff and defendant. A contractor's lien was filed by plaintiff, and Raymond was made a party as a mortgagee, with rights alleged to be junior to the lien. Judgment was rendered in favor of plaintiff and against Herman for some $3,000, and for a foreclosure of the lien, and from this judgment defendant Herman has appealed.

There are three assignments of error which raise for our consideration three questions, which we shall consider in the order which seems advisable: First, as to the sufficiency of the evidence to support the allegations of the complaint. The complaint sets up a certain written building contract between plaintiff and defendant, and then alleges as follows:

"That in addition to the contract price for said building as set forth in said agreement, and subsequent to the making thereof, by mutual agreement between plaintiff and defendant Mariana Herman, at divers times during the construction of said building, certain alterations were made in the plans and specifications of said building and additional and extra services and materials were stipulated to be performed and furnished, said additional services and materials, and the price agreed to be paid therefor, being as follows, to-wit, . . . ''

and continues with six specific items of labor and material, aggregating $604.35. The undisputed evidence shows that, in addition to these six items, the written contract was by oral agreement modified so materially as to amount almost to an entirely different contract, but that, with the exception of the six items specified, no change in, or addition to, the

contract price was made or asked. It is urged by defendant that, when it is sought to rely on a modified contract, the contract as modified must be declared on and not the original contract. It is further claimed that, when a general allegation that the contract was modified is followed by specific allegations of the manner of the modification, the declarant is limited in his proof to the modifications set up.

Plaintiff does not seriously dispute the general rule, but contends that the rule is not applicable when distinct issues are presented by the general and specific allegations, and that the complaint herein shows clearly that the specific items are not part of the alterations. We think the exception to the rule is correctly stated and that the complaint comes within it. The language is as follows: "Certain alterations were made in the plans and specifications of said building and extra services and materials were stipulated to be performed and furnished, said additional services and materials and the prices agreed to be paid therefor being," and following with the six items. The alterations are clearly differentiated from the extra work specified as requiring extra pay, and the pleading was sufficient to allow evidence of any alterations for which extra compensation was not asked. Had defendant desired more detailed information as to what the alterations were, a motion to make more definite and certain was her proper procedure.

The second question is that, even admitting the complaint sufficiently sets up a modified contract, since such a contract requires a new consideration, is the consideration sufficiently pleaded? Whatever the rule may be on this point, defendant is not in a position to urge it here, for neither in her pleadings nor evidence did she attempt to raise the issue of want

of, or a failure to plead, a consideration in the trial court. *Evans* v. *Glencross,* 4 Ariz. 222, 36 Pac. 212.

The only remaining question is as to the sufficiency of the lien. Section 2021, Revised Code of 1928, reads in part as follows:

" . . . In order to fix and secure the lien herein provided for, every original contractor, within ninety days, . . . after the completion of a building, structure or improvement or any alteration or repair thereof, must make duplicate copies of a notice and claim of lien and file one copy thereof with the county recorder of the county in which the property, or some part thereof, is situated, and within a reasonable time thereafter, serve upon the owner of said building, structure or improvement, if to be found within the county, the remaining copy."

If, therefore, the building was completed, within the meaning of the section, more than ninety days before June 11th, the day when the notice of lien was filed, the notice was too late. Plaintiff alleged in his complaint that the building was completed on April 4, 1929. Defendant in her answer says:

"Defendant, Mariana Herman, denies that plaintiff completed said building under the terms of said contract on the 4th day of April, 1927, or at all, but alleges the fact to be that he ceased to perform work on said building on the 4th day of April, 1927; and, defendant, Mariana Herman, further alleges that plaintiff agreed to complete said contract within seventy-five (75) days from the 3rd day of July, 1926, and that One Hundred and ninety-five (195) days elapsed after the time he should have completed the building and between April 4, 1927, and that by reason thereof, said defendant, Mariana Herman, was damaged in the sum of Nineteen hundred and fifty Dollars ($1,950.00)."

We think this is, in substance, an allegation that plaintiff continued at work on the property under the contract up to April 4th. There could thus be no

issue made at the trial as to the time when the last work was done; the only question being whether the building was completed by that time or whether plaintiff, without legal justification, abandoned the contract then. This issue was decided in favor of plaintiff by the trial court; and, the evidence being in conflict on the matter, we are bound by that decision.

The judgment of the superior court is affirmed.

ROSS, C. J., and McALISTER, J., concur.