671 P.2d 394

Robert W. COLLINS, Plaintiff-Appellant,

v.

James C. STOCKWELL and Jane Doe Stockwell, his wife; Title Insurance Company of Minnesota, Additional Defendants-Appellees.

No. 16471–PR.

Supreme Court of Arizona, In Banc.

Sept. 20, 1983.

Atmore Baggot, Phoenix, for plaintiff-appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Wilbert G. Anderson, Phoenix, for additional defendants-appellees.

Mariscal, Weeks, McIntyre & Friedlander, P.A. by Donald N. McIntyre, Gary L. Birnbaum, Fred C. Fathe, Phoenix, for amici curiae Sec. Title Agency, Safeco Title Ins. Co. and First American Title Ins. Co. of Arizona.

Renaud, Cook & Videan, P.A. by Scott M. Clark, Phoenix, for amicus curiae Larry Clark Const. Co.

GORDON, Vice Chief Justice:

In 1978 Robert Collins, a licensed subcontractor, performed tile work for Diplomat Homes, Inc., a developer in Phoenix. Diplomat became insolvent prior to paying Collins for the work. As a result and pursuant to A.R.S. § 33–993, Collins recorded a timely mechanic's lien on the property on September 21, 1978. Collins served the lien on Diplomat because it was listed as the owner of the home. Thereafter, on September 26, 1978, Collins filed an action to foreclose the lien within the six-month period required by A.R.S. § 33–998. At no time was a notice of lis pendens filed.

On December 18, 1979, Collins filed a supplemental complaint naming Paul and Arlene Blonsky as defendants after learning that they had acquired an interest in the property. After the supplemental complaint was filed the Blonskys, in March 1980, conveyed title to James Stockwell, a subsequent purchaser for value. At all times after September 21, 1978 the records at the Maricopa County Recorder's Office reflected that a notice and claim of lien had

been filed on the property which is the subject of this action. At the time of the sale from the Blonskys to Stockwell, Minnesota Title prepared a title report and insured the title. The title report failed to disclose the presence of Collins' mechanics lien in the county records. Collins subsequently joined Stockwell and Minnesota Title as defendants in a supplemental complaint filed in June, 1980.

Stockwell and Minnesota Title filed a motion for summary judgment claiming that since they did not have notice of the foreclosure action, Collins had no enforceable claim against Stockwell's interest in the property. The trial court granted the motion for summary judgment and dismissed the claim against Stockwell and Minnesota Title with prejudice. The Court of Appeals affirmed the trial court's decision. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Ariz.R.Civ.App.P. 23.

The following issue is presented for our disposition: Is it necessary to file a notice of lis pendens in order to give constructive notice of a mechanic's lien after the six-month period within which a foreclosure action must be filed has expired? Minnesota Title searched the County Recorder's records on Stockwell's behalf more than six months after the notice of claim of lien was filed. Although it found that a lien had been recorded, Minnesota Title claims that since no lis pendens had been filed to indicate that a foreclosure action had been instituted the title company could logically conclude that the contractor's claim had either been settled or had extinguished by operation of law. On the other hand, Collins argues that he was not required to file a notice of lis pendens because the mechanic's lien statutes did not require it and under Arizona's general notice statutes the effect of recording the notice of claim of lien was to impart constructive notice to all persons of the existence of the instrument, its contents, and its potential legal effects. A.R.S. § 33–416. Collins asserts that upon discovering that a notice of claim of lien had been filed Minnesota Title should have made further inquiry to ensure that the contractor's claim had either been satisfied

or had extinguished due to Collins' failure to file a timely foreclosure action. After reviewing the record and the law applicable to this matter we agree with Collins' position and therefore vacate the decision of the Court of Appeals and reverse the trial court's entry of summary judgment in favor of defendants Stockwell and Minnesota Title.

The purpose of mechanic's lien statutes is to protect the rights of those who furnish labor and materials which enhance the value of another's property. *Pioneer Plumbing Supply Co. v. Southwest Sav. & L. Assn.*, 102 Ariz. 258, 428 P.2d 115 (1967); *Kerr-McGee Oil Industries, Inc. v. McCray*, 89 Ariz. 307, 361 P.2d 734 (1961); *Price v. Sunmaster*, 27 Ariz.App. 771, 558 P.2d 966 (1976). We have consistently held that such liens are remedial and are to be liberally construed to effect their purpose. *Gene McVety, Inc. v. Don Grady Homes, Inc.*, 119 Ariz. 482, 581 P.2d 1132 (1978); *Kerr-McGee Oil Industries, Inc. v. McCray, supra.* The lien constitutes a preference over subsequent encumbrances or over other encumbrances as to which there has been no actual or constructive notice. A.R.S. § 33–992. The lien is perfected if, within a specified time after the completion of construction, the contractor, subcontractor, or supplier files a notice of claim of lien in the office of the County Recorder of the county in which the property is located and served a copy on the owner of the property. A.R.S. § 33–993. The effect of filing a notice and claim of lien, an instrument which must be acknowledged and recorded, is stated in A.R.S. § 33–416:

"**Record of instrument duly recorded as notice**

"The record of a grant, deed or instrument in writing authorized or required to be recorded, which has been duly acknowledged and recorded in the proper county, *shall be notice to all persons of the existence of such grant, deed or instrument,* but a mortgage of real property may be recorded and constructive notice and the contents thereof given as

provided in § 33–415." (emphasis added).

An action to foreclose the lien must be brought within six months after the notice of claim of lien has been recorded. A.R.S. § 33–998. Once a lien has been satisfied, either by foreclosure, settlement or otherwise, a release of lien must be issued. A.R.S. § 33–1006.

 Arizona's lis pendens statute, A.R.S. § 12–1191, provides as follows:

"**Notice of pendency of action affecting title to real property; filing; constructive notice to purchaser or incumbrancer; release of notice of pendency of action; failure to issue release; penalty**

"**A.** In an action affecting title to real property, plaintiff at the time of filing the complaint, or thereafter, and defendant at the time of filing his pleading when affirmative relief is claimed in such pleading, or thereafter, *may file in the office of the recorder of the county in which the property is situated a notice of the pendency of the action or defense.* The notice shall contain the names of the parties, the object of the action or affirmative defense, the relief demanded and a description of the property affected.

"**B.** The recorder shall file the notice and record and index it in the names of the parties to the action, and thereafter a purchaser or incumbrancer of the property affected shall be held to have constructive notice of the pendency of the action and the claims therein made.

"**C.** If a notice of pendency of action has been recorded pursuant to this section and the action is dismissed without prejudice for lack of prosecution, the plaintiff or plaintiffs of the action shall, within thirty days after such dismissal, issue to the defendant of the action a release of the notice of pendency of action. Such release shall be in the form of a recordable document. Failure to grant such release shall be subject to the penalties prescribed by § 33–712." (emphasis added)

The Court of Appeal's decision utilized the theory of *in pari materia* in construing the lis pendens statute as it applies to the mechanic's lien provisions. *In pari materia* is a rule of statutory construction whereby the meaning and application of a specific statute or portion of a statute is determined by looking to statutes which relate to the same person or thing and which have a purpose similar to that of the statute being construed. Statutes *in pari materia* must be read together and all parts of the law on the same subject must be given effect, if possible. *Arizona Gunite Builders, Inc. v. Continental Casualty Co.,* 105 Ariz. 99, 459 P.2d 724 (1969). The objective of the rule requiring related statutes to be construed *in pari materia* is to carry into effect the intent of the Legislature. *Chase v. State Farm Mutual Automobile Ins. Co.,* 131 Ariz. 461, 641 P.2d 1305 (App.1982); *State v. Mackey,* 15 Ariz.App. 417, 489 P.2d 80 (1971). In applying this rule of construction the Court of Appeals stated:

"Certainly a provision which expressly creates a lien on realty and allows for its foreclosure is an 'action affecting title to real property' within the meaning of the lis pendens statute. The lis pendens statute and the mechanic's lien statute are *in pari materia* and are in harmony as we construe them. The lis pendens statute does not say that it applies to every action affecting title to real property except actions to foreclose mechanic's liens. To read the statute as the subcontractor asks us to would read an exception into the lis pendens statute which does not exist.

\* \* \* \* \* \*

"We agree that the lienholder does not have to file a lis pendens to keep his lien alive any more than the grantee of the deed to land needs to record his deed. But he *may* file and he *must* do so if he wants to impart constructive notice after the time to file a complaint to foreclose his lien has passed." (emphasis in original).

We believe that such a reading of the lis pendens statute departs from the clear intent of the Legislature.

We have repeatedly stated that the cardinal rule of statutory construction is that we must, if possible, ascertain the intent of the Legislature. *McIntyre v. Mohave County,* 127 Ariz. 317, 620 P.2d 696 (1980); *Dept. of Revenue v. Maricopa County,* 120 Ariz. 533, 587 P.2d 252 (1978). There is no opportunity for construction or interpretation of a statute if the meaning of the statutory language is clear on its face. *Ross v. Industrial Commission,* 112 Ariz. 253, 540 P.2d 1234 (1975); *National Union Fire Ins. Co. v. Rick,* 134 Ariz. 122, 654 P.2d 56 (App.1982). Courts will not read into a statute something that is not within the manifest intent of the Legislature as gathered from the statute itself. *City of Phoenix v. Donofrio,* 99 Ariz. 130, 407 P.2d 91 (1965); *St. Joseph's Hospital and Medical Center v. Maricopa County,* 130 Ariz. 239, 635 P.2d 527 (App.1981). We agree with both the dissent in the Court of Appeals' opinion and Collins that the Legislature intended the use of the lis pendens to be permissive since the statute states that "[i]n an action affecting title to real property, plaintiff at the time of the filing of the complaint, or thereafter * * * *may* file in the office of the Recorder of the county in which the property is situated a notice of the pendency of the action * * *." (emphasis added). We will not mandate the filing of a notice of lis pendens when the lis pendens statute is clearly permissive on its face. There is nothing in the mechanic's lien statutes that requires a contractor to file a notice of lis pendens. Requiring a contractor to file a lis pendens to ensure the enforceability of his lien against subsequent purchasers would be reading a requirement into the mechanic's lien provisions that the Legislature did not intend. Furthermore, Minnesota Title's position frustrates the remedial nature of the mechanic's lien provisions since a contractor who fails to accompany an action to foreclose the lien with a notice of lis pendens would forfeit his or her right to enforce the lien against a subsequent purchaser's interest in the property.

We also do not believe that it is necessary for the contractor to file a notice of lis pendens to impart to subsequent purchasers constructive notice of the lien after the time to file a foreclosure action has passed. As discussed earlier, A.R.S. § 33–416 establishes that the filing of the notice of claim of lien is constructive notice to all persons of the existence of the contractor's claim. Because Arizona's recording statutes are primarily "notice statutes," see *Wixon v. Ingham,* 21 Ariz.App. 65, 515 P.2d 606 (1973), individuals who find that a notice of claim of lien has been filed should "act with the presumption that such an instrument is indeed in existence and is genuine, and govern their affairs accordingly." *Lewis v. State,* 32 Ariz. 182, 188, 256 P. 1048, 1050 (1927). The notice of claim of lien alerts individuals searching the record to the fact that a lien has been filed on the subject property and that further inquiry should be made. The status of the lien can be checked by contacting the contractor or the owner named on the claim of lien. By examining the plaintiff's index for the contractor's name and the defendant's index for the owner's name, the records of the Superior Court could be checked to see if a foreclosure action has been instituted. We recognize that such a search might be a tedious task; we believe, however, that it is a task which must be done in order to ensure that a subsequent purchaser's interests are protected.

The opinion of the Court of Appeals is vacated and the trial court's entry of summary judgment in favor of defendants Stockwell and Minnesota Title is reversed.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.