385 P.2d 211

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant,**

**v.**

**H. E. HIRSCH and R. S. Brecheisen, dba Cactus Lumber and Supply Co., Appellee.**

**No. 7419.**

Supreme Court of Arizona.

En Banc.

Sept. 18, 1963.

Moore & Romley, Phoenix, for appellant.

Stanley Z. Goodfarb, Phoenix, for appellee.

BERNSTEIN, Chief Justice.

Appellant insurance company was defendant in a suit to recover on a contractor's license bond issued pursuant to A.R.S. 32–1152.[1] The suit was against the

---

1. The original statute covering the same subject matter was amended in 1956 and again in 1961. The period of time covered by this action was July 1, 1956, through June 30, 1959, and it is with the 1956 amendment with which we are here concerned.

prime contractor and defendant insurance company. The trial court heard the case without a jury and rendered judgment for the plaintiffs for the full amount of the bond. It is from that judgment that defendant appeals, contending that judgment should have been entered in its favor as a matter of law.

Plaintiff was a materialman. He sold lumber, hardware and other building materials to a licensed contractor who was the principal on the bond. The bond was in effect during the entire time covered by the suit. The materials furnished the contractor were used in remodeling jobs, additions, construction of carports, repair of fire damage, and the like. The contractor was the prime contractor on these jobs and plaintiff kept track of which of the materials were used on each job. Plaintiff was to be paid when the work contracted for had been completed. Plaintiff was not paid and brought suit directly against the insurance company and the contractor.

The only issue in this appeal is whether the plaintiff may recover directly against the surety on a bond issued pursuant to A.R.S. 32–1152. The decision of this issue is controlled by Porter v. Eyer, 80 Ariz. 169, 294 P.2d 661, which held that under the original section covering the same subject matter a materialman could recover directly from the insurance company for materials furnished to a sub-

contractor. The former statute required an "owners' bond." The dissent there pointed out that the only person protected by the bond was the owner. The language of the amended statute under which this suit is brought specifically overcomes that objection. The amended statute reads:

"A. The bonds as prescribed by this chapter shall run to the state * * *.

\* \* \* \* \* \*

"C. The bonds shall be in such form as the registrar prescribes and shall be approved by him. The bonds shall provide that the state *or any person damaged by reason of any failure on the part of the principal * * * to pay material or labor bills,* may maintain an action at law against the contractor *and surety* * * *."* (Emphasis supplied.)

Section B of the statute states that the bond shall be executed with the contractor as principal.

The change in language in the statute brings the coverage of the bond within the language of both the majority opinion and the dissent in Porter, supra.

Defendant also argues that A.R.S. 32–1152 does not authorize recovery by the plaintiffs as their exclusive remedy is the mechanics and materialman's lien law,

A.R.S. 33–981, et seq. This same argument was rejected in Porter, supra. Section 32–1162, which applies to the statute in question, states:

"Nothing in this chapter shall be deemed to affect the mechanic's lien law."

As the amount of the bond required by § 32–1152 A. 1. is not more than $10,000 and not less than $2,000 and has been set by the registrar of bonds at $2,000, it is conceivable that the amount due the materialman will be in excess of the bond. That factual situation is present in this very case. The clear intent of the legislature in enacting § 32–1152, supra, was to make sure that an election by a materialman to sue under A.R.S. 32–1152, supra, would not preclude him from proceeding under the materialman's lien law for any amount due in excess of the amount of the bond.

Defendant also claims that the plaintiffs are not "damaged" as that word is used in A.R.S. 32–1152, because they may take advantage of the materialman's lien. The only authority to which we are cited is a quotation from the dissent in Porter, supra, which concerned the "owners' bond" and the protection it gave to the materialman and laborer of a subcontractor and which stated that the materialman and laborer were "absolutely protected" by the lien law. The amended statute does not provide for an "owners' bond." We point out that § 33–1001 of the lien law contemplates that there may be insufficient assets to discharge all liens and provides for prorating assets among lienholders. Thus, the lien law in the light of the present statute does not provide "absolute protection", and A.R.S. 32–1152, supra, provides only additional security for the materialman.

Affirmed.

UDALL, V. C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.