459 P.2d 724

**ARIZONA GUNITE BUILDERS, INC., an Arizona corporation, Appellant,**

v.

**CONTINENTAL CASUALTY COMPANY, a corporation, Appellee.**

**No. 9659.**

Supreme Court of Arizona.

In Division.

Oct. 15, 1969.

Alvin Moore, Phoenix, for appellant.

Gust, Rosenfeld & Divelbess, by Fred H. Rosenfeld, Phoenix, for appellee.

McFARLAND, Justice.

The plaintiff-appellant, Arizona Gunite Builders, Inc. (Gunite) owns, operates, and rents equipment used in the performance of construction contracts. During the period of August through November 1964 it leased a welding machine and furnished labor to the defendant, Coleman Construction Co. (Coleman), demanding payment therefor in the amounts of $660 rental and $237 for labor. When satisfaction could not be obtained from Coleman, Gunite made demand for payment upon the defendant-appellee, Continental Casualty Company (Continental) which had issued a bond in connection with Coleman's contractor's license in accordance with § 32–1152, A.R.S. Continental refused payment, and Gunite instituted suit in the Maricopa County Superior Court. After a trial that court gave judgment to Gunite against the bond of Continental in the amount of $237 for the labor, but rejected the claim for equipment rental on the ground that such a claim

is not encompassed by the provisions of § 32–1152, subsec. D, A.R.S. The pertinent part of the statute is as follows:

"§ 32–1152. Bonds.

\* \* \* \* \* \*

"D. The bonds required by this chapter shall be in favor of the state for the benefit of any person covered by this subsection. The bond shall be subject to claims by any person who, after entering into a construction contract with the principal is damaged by the failure of the principal to perform the contract or by any person furnishing labor or materials used in the direct performance of a construction contract. \* \* \*"

The sole question then, on this appeal, is whether the rental of equipment can be the subject of a claim against the bond under the statutory phrase "labor or materials."

The position of Continental is that the statute affords protection only for one who furnishes materials which actually enter into the work done, or are consumed in the performance of the construction contract. Continental cites but one case in its brief, United States Fidelity & Guaranty Co. v. California-Arizona Construction Co., 21 Ariz. 172, 186 P. 502, which was to the effect that the value of lumber could not be included, as it did not become part of the structure, nor was it consumed substantially. While this case does lend some support to Continental's position, in the intervening years, the statute has been subject to constant revision, a history of which is set forth in this Court's opinion in Employment Security Commission v. Fish, 92 Ariz. 140, 375 P.2d 20, and, as we there stated, "\* \* the intent of the legislature if it can be ascertained is the criterion we must follow. \* \* \*"

In Estate of Stark, 52 Ariz. 416, 422, 82 P.2d 894, 896, we said:

"We have repeatedly held that the cardinal rule of statutory construction is that we must, if possible, ascertain the intent of the legislature. There are many things which we are permitted and,

indeed, required to take into consideration in ascertaining this, such as the language used, its grammatical construction, other statutes *in pari materia,* the general policy of the state, and many other well known rules of construction. * * *"

Section 32–1162, A.R.S. states:

"Nothing in this chapter [Chap. 10, Tit. 32] shall be deemed to affect the mechanic's lien law."

Therefore, to properly construe § 32–1152 it must be read in the light of, and harmonized with the Mechanics' and Materialmen's Lien Law, §§ 33–981 et seq.

"Statutes which relate to the same person or thing, or to the same class of persons or things, or which have a common purpose are in pari materia." 82 C.J.S. Statutes § 366.

In Home Owners' Loan Corp. v. City of Phoenix, 51 Ariz. 455, 461, 77 P.2d 818, 820, this Court said:

"It is a rule of construction that statutes *in pari materia* must be read and construed together and that all parts of the law on the same subject must be given effect, if possible."

Isley v. School District No. 2 of Maricopa County, 81 Ariz. 280, 305 P.2d 432; Arizona Corporation Commission v. Gem State Mutual Life Association, Inc., 72 Ariz. 403, 236 P.2d 730; Crawford, Statutory Construction § 231.

That the act relating to contractor's bonds is in pari materia with the Mechanics' Lien Act is made clear by United States Fidelity and Guaranty Company v. Hirsch, 94 Ariz. 331, 333, 385 P.2d 211, 212, where we said:

" * * * The clear intent of the legislature in enacting § 32–1152, supra, was to make sure that an election by a materialman to sue under A.R.S. 32–1152, supra, would not preclude him from proceeding under the materialman's lien law for any amount due in excess of the amount of the bond."

The Mechanics' Lien Act provides, in § 33–981:

"§ 33–981. Lien for labor or materials used in construction, alteration or repair of structures

"A. Every person who labors or furnishes materials, machinery, fixtures or tools in the construction, alteration or repair of any building, or other structure or improvement whatever, shall have a lien thereon for the work or labor done or materials, machinery, fixtures or tools furnished, whether the work was done or articles furnished at the instance of the owner of the building, structure or improvement, or his agent."

By its very terms it includes a materialman who rents machinery such as the appellant here. To accept the statutory construction urged by Continental would result in limiting a great number of materialmen to the exclusive remedy of a lien on the subject premises, under § 33–981. This would run counter to our opinion in the Hirsch case, supra, and would create a preferred class of materialmen, those whose product is consumed in the performance of the contract, by preserving to them alone the remedies under both the lien statute and the bonding statute.

This Court has held that the primary purpose of the mechanics' lien law is to protect the rights of materialmen who enhance the value of another's property, but incidental thereto is the protection of the owner whose property is subject to such liens. Pioneer Plumbing Supply Co. v. Southwest Savings and Loan Association, 102 Ariz. 258, 428 P.2d 115; Arizona Eastern R. R. Co. v. Globe Hardware Co., 14 Ariz. 397, 129 P. 1104. Thus, it would be detrimental to the individual owner to limit access to the contractor's bond to only a small group of materialmen since the availability of such bond tends to limit an owner's lien liability to the excess damages. See United States Fidelity & Guaranty Co. v. Hirsch, supra. We do not think that such results were intended by the legislature.

 By the use of the term "labor or materials" in § 32-1152 the legislature intended to encompass all the enumerated persons in § 33-981 (A). In fact, paragraph B of the same section clearly indicates this:

"B. Every contractor, sub-contractor, architect, builder or other person having charge or control of the construction, alteration or repair, either wholly or in part, of any building, structure or improvement, is the agent of the owner for the purposes of this article, and the owner shall be liable for the reasonable value of *labor or materials* furnished to his agent." [Emphasis added.]

By the legislature's own reference in this statute, the general term "labor or materials" is intended to include the specific categories set forth in paragraph A. We believe that it was also intended to have such a definition in § 32-1152, since it is only by such interpretation that both Acts, Title 32, Chap. 10, and Title 33, Chap. 7, which are in pari materia, can be made to harmonize.

While the decisions in other States are not uniform on this subject we are of the opinion that our statutes require that we adopt the better rule as expressed in Moran Towing Corp. v. M. A. Gammino Construction Co., 363 F.2d 108, 115 (1st Cir.) in passing upon the Miller Act[1], which is very similar to § 32-1152, the Court said:

"The language of the Miller Act is rather strict. Nevertheless, it has long been liberally construed. Specifically, in the case of rented equipment, not only does the surety's obligation include the rental, but if the principal has undertaken to repair, or to assume the expense of ordinary wear and tear, its failure to perform in this respect may be a matter covered by the bond. Continental Casualty Co. v. Clarence L. Boyd Co., 10 Cir., 1944, 140 F.2d 115; United States for Use and Benefit of Wyatt & Kipper Engineers, Inc. v. Ramstad Constr. Co., D. Alaska, 1961, 194 F.Supp. 379. * * *"

That part of the judgment of the Superior Court awarding $237 for the labor furnished is affirmed. The part of the judgment against the plaintiff on its claim for material in the sum of $660 is reversed and remanded to the trial court for further proceedings consistent with this decision.

LOCKWOOD, V. C. J., and HAYS, J., concur.

1. 40 U.S.C.A. § 270a. Bonds of contractors for public buildings or works; waiver of bonds covering contract performed in foreign country
* * * * *
(1) A performance bond with a surety or sureties satisfactory to the officer awarding such contract, and in such amount as he shall deem adequate, for the protection of the United States.
(2) A payment bond with a surety or sureties satisfactory to such officer for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person. * * *