711 P.2d 636

**Wayne R. ALFORD and Joan F. Alford, husband and wife, Plaintiffs/Appellants,**

**v.**

**FIRST AMERICAN TITLE INSURANCE COMPANY OF ARIZONA, an Arizona corporation, Defendant/Appellee.**

**No. 2 CA–CIV 5437.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 23, 1985.

Rehearing Denied Dec. 10, 1985.

Butler & Stein by A. Bates Butler, III, Tucson, for plaintiffs/appellants.

Robert Charles Clark, Tucson, for defendant/appellee.

OPINION

LIVERMORE, Judge.

Plaintiffs, Wayne and Joan Alford, entered into a contract to sell their house to John and Betty Donahue. The Alfords and Donahues contracted with defendant, First American Title Insurance Company, to provide escrow services. On the date of closing, the Donahues tendered additional money and signed all necessary documents at the office of the defendant. Shortly thereafter, the Donahues returned to defendant's office, said that they no longer wished to purchase, and requested their money back. Defendant gave back the down payment but retained the earnest money. Plaintiff brought suit claiming

this act to be a breach of contract, negligence, and fraud. The trial court granted summary judgment finding that a subsequent cancellation of the Alford-Donahue contract and forfeiture of the earnest money was an election of remedies and an accord and satisfaction, barring any action against defendant. We reverse.

The thrust of plaintiffs' claim is that had defendant retained the Donahue check, the Donahues would have been more likely to carry out their contractual obligation. The loss to plaintiffs from the delay in selling their house and the ultimate lower selling price would thus have been avoided. The question we face is whether by electing to take the easily recoverable earnest money from the Donahues, the plaintiffs have lost their remedy against defendant. We can discern no reason why when a loss is the result of two independent breaches of contract, a partial recovery of the loss against one should eliminate an additional recovery against the other. The two remedies are not inconsistent and repugnant. See *Brown Wholesale Electric Company v. Safeco Insurance Company of America*, 135 Ariz. 154, 659 P.2d 1299 (App.1982); *Armbruster v. Alvin*, 437 So.2d 725 (Fla. App.1983); *McAllister v. Charter First Mortgage, Inc.*, 279 Or. 279, 567 P.2d 539 (1977). No considerations of avoiding double recovery, protecting detrimental reliance, or preventing imposition on the judicial system require that this suit be barred. See D. Dobbs, Remedies § 1.5 (1973). Nothing in *Phoenix Title & Trust Company v. Horwath*, 41 Ariz. 417, 19 P.2d 82 (1933), dictates a contrary result. That case dealt primarily with the absence of a causal relation between the escrow agent's breach and any damage to the plaintiff, an issue not presented on this appeal, and there is nothing in the plaintiffs' actions in this case that could be construed, as in *Horwath*, as a ratification of defendant's conduct. See *Hennesy Equipment Sales Company v. Valley National Bank*, 25 Ariz.App. 285, 543 P.2d 123 (1976).

We do not see how the recovery of a portion of the claimed loss against one party can be said to be an accord and satisfaction of a claim for additional damage from another party, *Stein v. Mutuel Clerks' Guild, Inc.*, 560 F.2d 486 (1st Cir.1977); *Luxenburg v. Can-Tex Industries*, 257 N.W.2d 804 (Minn.1977).

The judgment is reversed.

HATHAWAY, P.J., and LACAGNINA, J., concur.