764 P.2d 25

**ST. JOSEPH'S HOSPITAL AND MEDICAL CENTER, an Arizona corporation, Plaintiff/Appellant,**

v.

**CITY OF PHOENIX, a body politic, Defendant/Appellee.**

No. 2 CA–CV 88–0115.

Court of Appeals of Arizona, Division 2, Department B.

April 19, 1988.

Review Denied and Cross-Petition for Review Dismissed Nov. 15, 1988.

Gammage & Burnham by Richard B. Burnham, Curtis Ullman and Ellen C. Hoff, Phoenix, for plaintiff/appellant.

Roderick G. McDougall, City Atty. by Sharon K. Haynes, Phoenix, for defendant/appellee.

OPINION

ROLL, Judge.

St. Joseph's Hospital and Medical Center (St. Joseph's) appeals from summary judg-

ment entered in favor of the City of Phoenix (the City) on the issue of responsibility for hospital charges incurred by Francisco Rincon, a gunshot victim. For the reasons set forth below, we affirm as modified.

## FACTS

On May 29, 1985, Francisco Rincon was shot in the head by Lawrence Patrell. A Phoenix police officer who was issuing a traffic citation nearby heard two gunshots, saw Rincon fall to the ground, and observed Patrell driving away. The officer pursued Patrell and radioed for medical assistance.

Rincon had suffered an extremely serious gunshot wound. Paramedics arrived two minutes after the request for aid was made. When the medical personnel arrived, Rincon was unconscious and beginning to have seizures. One paramedic observed gray matter and clotting blood at the site of the wound. This paramedic did not expect Rincon to survive. Rincon was transported by emergency vehicle to St. Joseph's Hospital for further treatment. No police officer questioned the victim or placed him under arrest at the scene of the shooting.

A law enforcement officer later went to the hospital to retrieve the items taken from Rincon's clothing by hospital personnel. These items included two plastic bags containing cocaine and a third bag containing heroin. Law enforcement officers also found plastic bags containing heroin and cocaine at the scene of the shooting.

Rincon's gunshot wound resulted in extensive brain damage. The bullet broke apart and lead fragments were distributed throughout his brain. Two to three months after the shooting, Rincon could only make unintelligible noises and his attention span was about ten seconds. He experienced partial paralysis, speech difficulties, poor memory, and disorientation. On August 28, 1985, Rincon was transferred to the county hospital.

Substantial evidence was obtained indicating that the shooting was drug-related and that Rincon was a participant. Although drugs were found in Rincon's clothing, the Maricopa County Attorney's Office determined that Rincon was an "unprosecutable person" because he was unable to aid in his own defense or to appear in court. No criminal charges were ever filed against Rincon. During his three months at St. Joseph's Hospital, he incurred hospital charges in the amount of $78,482.12.

## PROCEDURAL HISTORY

St. Joseph's filed a complaint against the City, claiming a right to reimbursement for the treatment provided to Rincon under theories of contract, statutory liability, and restitution.[1] The City and St. Joseph's filed cross-motions for summary judgment. The trial court entered summary judgment in favor of the City, stating:

> Here, Rincon clearly was never taken into custody, constructive or otherwise, and the City made a good faith determination not to prosecute due to the nature of Rincon's injuries. Under these circumstances, the Court concludes that Rincon was not within the jurisdiction of the City of Phoenix and therefore, the City of Phoenix had no duty to provide for his medical care.

The trial court also awarded the City Attorney's fees and costs. This appeal followed.

## RESPONSIBILITY FOR MEDICAL EXPENSES

St. Joseph's appeals the trial court's determinations that: (1) the City was not responsible for the payment of Rincon's medical expenses and (2) attorney's fees were awardable to the City.

## DISCUSSION

 Arizona law requires hospitals to render necessary emergency medical care regardless of the patient's ability to pay for such treatment. *Thompson v. Sun City Community Hospital*, 141 Ariz. 597, 688 P.2d 605 (1984); *Guerrero v. Copper Queen Hospital*, 112 Ariz. 104, 537 P.2d 1329 (1975). At the same time, private

---

1. Maricopa County was also named as a defendant but was dismissed pursuant to stipulation.

**542**

hospitals have a right to receive reimbursement of their costs out of public funds. *Walter O. Boswell Memorial Hospital Inc. v. Yavapai County,* 148 Ariz. 385, 714 P.2d 878 (App.1986); *St. Joseph's Hospital v. Maricopa County,* 142 Ariz. 94, 688 P.2d 986 (App.1984); *St. Joseph's Hospital v. Maricopa County,* 138 Ariz. 127, 673 P.2d 325 (App.1983); *St. Joseph's Hospital v. Maricopa County,* 130 Ariz. 239, 635 P.2d 527 (App.1981). In *City of Phoenix v. Superior Court,* 139 Ariz. 175, 677 P.2d 1283 (1984), the supreme court ruled that a city must bear the expense of providing medical care for its prisoners.

■ Although the trial court concluded that the City had never placed Rincon in custody, St. Joseph's argues that once probable cause was established, the City had the duty to arrest Rincon, thereupon becoming responsible for his hospital charges. St. Joseph's implies in its statement of issues that the City made the decision not to arrest Rincon based on its concern for incurring liability for Rincon's medical expenses. The trial court rejected this argument.

In reviewing the granting of summary judgment, this court must view the evidence in the light most favorable to the party opposing the motion and draw all inferences fairly arising from the evidence in favor of that opposing party. *Auto-Owners Ins. Co. v. Moore,* 156 Ariz. 184, 750 P.2d 1387, 1388 (Ct.App., 1988); *Brown Wholesale Electric Co. v. Safeco Ins. Co.,* 135 Ariz. 154, 157, 659 P.2d 1299, 1302 (App.1982). Summary judgment is appropriate where the record shows that there is no genuine dispute as to any material facts, that only one inference can be drawn from those undisputed material facts, and that based upon the undisputed material facts, the moving party is entitled to judgment as a matter of law. *Auto-Owners Ins. Co., supra; Giovanelli v. First Federal Savings and Loan Ass'n of Phoenix,* 120 Ariz. 577, 581, 587 P.2d 763, 767 (App.1978). If there are material facts upon which reasonable people could reach different conclusions, summary judgment is not appropri-

ate. *Gulf Ins. Co. v. Grisham,* 126 Ariz. 123, 124, 613 P.2d 283, 284 (1980).

The trial court correctly concluded that Rincon was never placed in police custody and that the City is not responsible for treatment rendered by St. Joseph's.

### ATTORNEYS' FEES

One theory upon which St. Joseph's sought recovery was implied contract. A.R.S. § 12-341.01(A) authorizes the award of attorneys' fees to the prevailing party in an action arising out of an express or implied contract. Because this action did not arise out of a contract implied in fact but rather out of a contract implied in law, attorneys' fees are not awardable either at the trial court level or on appeal. *Barmat v. John and Jane Doe Partners A-D,* 155 Ariz. 519, 747 P.2d 1218 (1987).

Accordingly, the trial court erred in awarding attorneys' fees to the City.

LIVERMORE, P.J., and FERNANDEZ, J., concur.